J-A26014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAMES BROWN | : | |
| Appellant | : | No. 840 EDA 2021 |

Appeal from the PCRA Order Entered March 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009330-2011

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 15, 2021**

James Brown appeals from the March 22, 2021 order dismissing as untimely his *pro se* petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").  We affirm.

This Court provided an apt summary of the factual and procedural history of the above-captioned case, as follows:

> On June 26, 2011, Gwenervere Presley (hereinafter, "the victim") had her aunt drive to the ATM at 50th and Baltimore Avenue, in the city and county of Philadelphia.  The victim's 13-year-old daughter, Royalti, rode with them.  They arrived at the ATM at approximately 11:30 a.m.  The victim exited the vehicle.  Her aunt and Royalti waited in the car.  The victim withdrew $100 from the ATM.  She put the money in her pocket.  She then proceeded to make another ATM withdrawal.  As she was waiting for the transaction to be completed, she felt someone standing unusually close to her.  She looked up and saw a man's face.  He was standing to her left side, right next to her.  The man showed the victim a gun in his waist.  She started screaming.  The man then pointed the gun at her and told her to give him her money.  She began to scream more frantically.  She feared for her life.  She

gave the man $100. He then turned around, walked to a car parked on the corner of 50th and Baltimore Avenue, entered the passenger side of the car, and rode off. Royalti had the presence of mind to get the license plate number off the car the man entered and place[d] it in her cell phone.

Using the tag number obtained by the victim's daughter, police identified Ernest Matthews as the owner of the vehicle in which the suspect fled. Upon questioning, Matthews identified [Appellant] as the individual seen riding away in his car after the victim was robbed. On July 12, 2011, the victim identified [Appellant] from a photo array as the man who had robbed her.

On October 29, 2015, a jury found [Appellant] guilty of robbery and PIC. Following the jury verdict, the parties proceeded to a stipulated waiver trial on the charge of possession of [a] firearm by person prohibited, after which the court entered a guilty verdict. On May 11, 2016, the court sentenced [Appellant] to an aggregate sentence of 32 [and one-half] to 65 [years of imprisonment].

*Commonwealth v. Brown*, 200 A.3d 986, 989 (Pa.Super. 2018). On December 11, 2018, this Court affirmed Appellant's judgment of sentence. *Id*. at 995. He did not seek allowance of appeal in our Supreme Court.

Appellant filed a timely *pro se* PCRA petition and counsel was appointed to represent him. Ultimately, counsel filed a petition to withdraw his representation pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After the PCRA court submitted notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, Appellant responded with several *pro se* filings that did not identify any potentially meritorious issues not addressed in counsel's *Turner*/*Finley* filings. On September 14, 2020, the PCRA court dismissed the petition. Appellant did not appeal.

- 2 -

On January 14, 2021, Appellant filed the instant *pro se* PCRA petition. In pertinent part, he averred that his petition was subject to the PCRA timeliness exception concerning "newly discovered" evidence set forth at 42 Pa.C.S. § 9545(b)(1)(ii). The PCRA court issued Rule 907 notice and, thereafter, dismissed Appellant's petition as untimely. Appellant filed a timely notice of appeal to this Court. The PCRA court did not direct Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). Nonetheless, the PCRA court filed a statement pursuant to Rule 1925(a) referring to the reasoning set forth in its March 22, 2021 memorandum opinion.

Appellant has raised two issues for our consideration:

1. Did the PCRA court err as a matter of clearly established law when it dismissed [Appellant's] second or [sic] successive PCRA petition as being untimely filed where said petition was based upon § 9545(b)(1)(ii) and based upon his sentence being illegal thereby resulting in an abuse of discretion by that court.

2. Did the [PCRA] court violate [Appellant's] due process rights when it improperly used the statute which was deemed unconstitutional to impose the sentence resulting in a violation of the Ex Post Facto Clause rendering said sentence illegal and unconstitutional.

Appellant's brief at 4. Before engaging with the merits of Appellant's claims for relief, we must ascertain whether the underlying PCRA petition was timely filed. *See Commonwealth v. Cobbs*, 256 A.3d 1192, 1207 (Pa. 2021) ("[T]he PCRA's timeliness requirements are jurisdictional in nature, and where a PCRA petition is filed untimely, courts lack jurisdiction to address the substantive claims raised therein."). Furthermore, "[a]lthough legality of

- 3 -

sentence is always subject to review within the PCRA, claims must still satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes "final" for the purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Appellant's judgment of sentence became final at the expiration of his time in which to petition for allowance of appeal in the Pennsylvania Supreme Court on January 10, 2019. Pursuant to § 9545(b)(3), Appellant had one year from that date to file a timely PCRA petition. Thus, the instant petition is facially untimely by more than one year.

Appellant has invoked the PCRA timeliness exception at 42 Pa.C.S. § 9545(b)(1)(ii), which requires that he allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." However, Appellant has not identified the allegedly unknown facts upon which his claims for relief are based. ***See*** PCRA Petition, 1/14/21, at 3 (baldly invoking the timeliness exception at § 9545(b)(1)(ii)). Accordingly, we are constrained to agree with the PCRA court that Appellant has failed to demonstrate that he is entitled to

- 4 -

the benefit of this timeliness exception. ***See Commonwealth v. Allison***, 235 A.3d 359, 364 (Pa.Super. 2020) ("Aside from his unsubstantiated bald assertions, Appellant has failed to offer any evidence in support of his claim.").

Order affirmed.[1]

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/15/2021</u>

---

[1] In an attempt to circumvent the timeliness requirements of the PCRA, Appellant suggests that we may review his petition as a request for *habeas corpus* relief. However, Appellant's only substantive claim for relief asserts that his criminal sentence is illegal, which is cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which persons convicted of crimes they did not commit and **persons serving illegal sentences** may obtain collateral relief." (emphasis added)). Instantly, the mere fact that Appellant's PCRA petition is untimely does not transform his petition into a petition for *habeas corpus*. ***See Commonwealth v. Fahy***, 737 A.2d 214, 224 (Pa. 1999) ("Simply because a [PCRA] petition is not considered . . . does not alter the PCRA's coverage of such claims or make *habeas corpus* an alternative basis for relief.").