J-A25006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NYIEKA SPEER | : | |
| | : | |
| Appellant | : | No. 1328 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 14, 2022
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000314-2020

BEFORE:  BOWES, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED:  January 4, 2024**

Nyieka Speer appeals the aggregate judgment of sentence of seven and one-half to fifteen years of imprisonment following her conviction for, *inter alia*, drug delivery resulting in death.  We affirm.

By way of background, Appellant was charged with various offenses relating to the fentanyl overdose death of Sara Jones.  The case proceeded to a two-day jury trial beginning on Tuesday, July 19, 2022.  At the conclusion of the first day, the attorney for the Commonwealth provided Appellant's counsel with a flash drive containing numerous recordings of telephone calls made by Appellant while she was incarcerated.  The Commonwealth's attorney indicated that she received the recordings the Friday before, and that she only

---

[*] Retired Senior Judge assigned to the Superior Court.

had the opportunity to review four of the calls, with none of them containing any statements material to the litigation.

The morning of the second day of trial, defense counsel brought the recent disclosure to the court's attention, noting his ethical obligation to review the calls to see if there was anything pertinent to his client therein. After the Commonwealth's attorney assured the trial court that no information from any of the calls had been used in the questioning of any witness, the court proposed that the proper remedy would be to prohibit the Commonwealth from utilizing any portion of the recordings, including for impeachment purposes in the event Appellant testified. When the court asked defense counsel whether he sought to request any additional or alternative remedy, counsel responded by stating that he was sure Appellant did not want a mistrial, and that he raised the issue primarily to make a record. *See* N.T. Trial, 7/20/20, at 10-11. Counsel never specifically sought a continuance.

After the close of evidence, and approximately ninety minutes into deliberations, the jury submitted a question asking what to do if the jurors were unanimous as to all charges except one. Following a brief discussion with the attorneys wherein the court stated that it was not yet appropriate to give an *Allen* charge,[1] the court ultimately instructed the jury as follows: "I

_____

[1] Neither the trial court nor the parties discussed on the record the specifics of what an *Allen* charge is; however, we understand the reference as a jury instruction that "directs jurors to reconsider their views, and particularly focuses upon jurors in the minority, urging them to reconsider in light of the
*(Footnote Continued Next Page)*

received your question. I cannot give you a specific answer on that question. All that I can tell you is to continue to deliberate." ***Id***. at 140. The court went on to direct the jurors to "[g]o through each witness, all the information, and all the testimony, all the evidence, your recollection of that evidence, each element of each crime, and see where you are going to be." ***Id***. Critically, Appellant did not object to this instruction.

A short time later, the jury found Appellant guilty of all charges. Appellant was sentenced as indicated hereinabove and did not file any post-sentence motions. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

I. Whether discovery provided to the defense by the Commonwealth after trial commenced, which the Commonwealth possessed prior to trial, prejudiced [Appellant]; resulting in the trial court erring on ruling on an appropriate remedy [as] to the issue of discovery being provided to the defense by the Commonwealth after trial commenced, which the Commonwealth possessed prior to trial?

II. Whether jury instructions given after the jury began deliberating were proper and/or resulted in prejudice to [Appellant]?

Appellant's brief at 4 (cleaned up).

---

fact that the majority is otherwise inclined." ***Commonwealth v. Greer***, 951 A.2d 346, 352 n.4 (Pa. 2008) (discussing ***Allen v. United States***, 164 U.S. 492 (1896)).

- 3 -

Appellant first contends that the trial court erred by not granting her a continuance at trial so that she could review all the telephone recordings provided after the trial commenced. We note that "[d]ecisions involving discovery in criminal cases lie within the discretion of the trial court. We will not reverse a trial court's order absent an abuse of that discretion." ***Commonwealth v. Alston***, 233 A.3d 795, 804 (Pa.Super. 2020) (cleaned up).

This Court has stated that "[a] violation of discovery does not automatically entitle appellant to a new trial. Rather, an appellant must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure." ***Commonwealth v. Brown***, 200 A.3d 986, 993 (Pa.Super. 2018). As to the remedy afforded, Pa.R.Crim.P. 573 provides in pertinent part as follows:

> **(E) Remedy.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(E). In analyzing this principle, we have said that this rule contains a proportionality requirement. ***See Alston***, ***supra*** at 804 (citation omitted).

Appellant argues that she was prejudiced because she did not have the opportunity to review the approximately seventy-two hours' worth of calls

between the first and second days of trial, and therefore could not ascertain any potentially inculpatory or exculpatory material contained therein. **See** Appellant's brief at 13-14. She laments that the Commonwealth evidently had the time to listen to the recorded conversations, whereas she did not. **Id**. at 14. Appellant avers that she did not know if the Commonwealth used any information learned from the recordings in questioning its witnesses or if any content from the calls would have influenced her decision to testify at trial. **Id**. at 15.

In addressing this claim, the trial court stated that Appellant failed to demonstrate prejudice because counsel could not point to any way her trial strategy "would be affected by the information contained on the calls or any other manner of prejudice caused by the late disclosure." Trial Court Opinion, 2/27/23, at 3. It also highlighted that any information contained on the recordings would have been known to Appellant, since she was a participant in each conversation. **Id**.

For its part, the Commonwealth disputes that there was any discovery violation at all, since none of the information provided to Appellant was material to the charges. **See** Commonwealth's brief at 15 (citing, *inter alia*, **Commonwealth v. Maldonodo**, 173 A.3d 769 (Pa.Super. 2017)). It also contends that even if the Commonwealth violated Rule 573 with the late disclosure, there was no prejudice to Appellant, just as the trial court opined. **Id**. at 16.

Upon review of the certified record, we find that the trial court did not abuse its discretion in how it addressed the disclosure of the telephone recordings after the commencement of trial. Assuming, without deciding, that the Commonwealth violated Rule 573, we agree with both the Commonwealth and the trial court that Appellant has failed to demonstrate how she was prejudiced by any belated disclosure. She merely advances boilerplate allegations that knowledge of the contents of the calls **could** have led to a different approach in how she questioned witnesses or whether she would have testified. Critically, although she and her counsel have now had ample time to review all the recordings, Appellant does not direct us to or discuss any particular recorded conversation to identify information material to the underlying charges. In short, she asks us to presume prejudice without undertaking any effort to prove it herself.

Likewise, Appellant has not convinced us that the trial court's remedy was improper or otherwise disproportionate to any presumed discovery violation. In an abundance of caution, the court ruled that the Commonwealth would be prohibited from using any information from the calls at trial, including against Appellant, if she testified. That approach was wholly reasonable in light of the Commonwealth's representation that it did not rely in any way upon the information in those calls in preparation for or presentation of its case-in-chief. While Appellant now claims that she should have been granted a continuance in order to review the recordings, she did not request that remedy from the trial court, despite being given that

opportunity. She therefore has no cause to challenge the court's resolution of the matter and is not entitled to relief on this claim.

In her second issue, Appellant attacks the validity of one of the trial court's instructions to the jury. *See* Appellant's brief at 15-19. "In examining jury instructions, our standard of review is to determine whether the trial court committed a clear abuse of discretion or an error of law controlling the outcome of the case." *Commonwealth v. Bradley*, 232 A.3d 747, 759 (Pa.Super. 2020).

Somewhat confusingly, Appellant's complaint appears to be that the court did not provide an *Allen* charge to the jury, despite it telling counsel that it would inform the jury that such a charge was inappropriate at that time. *See* Appellant's brief at 18. In other words, although Appellant does not advocate that the court should have given an *Allen* charge, she contends that the court should nonetheless have told the jury that it was declining to give an *Allen* charge at the juncture. She asserts that "[i]f the jury was informed of this, [it] would have known that another option existed other than to keep deliberating if [it] could not reach a unanimous verdict." *Id*. Appellant believes that the trial court's actions coerced the verdict by "impressing on the jury to keep deliberating" until all jurors reached an agreement. *Id*.

The trial court opined that its instruction was proper, asserting that "after consulting with counsel, this court informed the jury that it was not a proper time for this court to provide any guidance and that they must continue to review the evidence." Trial Court Opinion, 2/27/23, at 5 (cleaned up). The

Commonwealth, while agreeing with the court's assessment, further argues that Appellant waived this issue by neglecting to lodge a contemporaneous objection to the trial court's instruction. **See** Commonwealth's brief at 10-11.

We agree with the Commonwealth that Appellant has failed to preserve this issue for review. Our High Court has stated that "[t]he absence of a contemporaneous objection below constitutes a waiver of appellant's current claim respecting the trial court's instructions." **Commonwealth v. Powell**, 956 A.2d 406, 428 (Pa. 2008); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Here, after the trial court told the jurors to continue weighing the evidence after their initial ninety minutes of deliberation, Appellant proffered no objection. This challenge is therefore waived on appeal.

Since Appellant presents no issues of merit, we have no cause to disturb her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  1/4/2024