**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VINCENT JOSEPH SOSNOWSKI | : | |
| | : | |
| Appellant | : | No. 1244 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 27, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000304-2022

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                              **FILED JUNE 30, 2025**

Vincent Joseph Sosnowski appeals from the judgment of sentence of six to fourteen years in prison following his convictions for homicide by vehicle while driving under the influence ("DUI") and related traffic offenses. We affirm.

By way of background, in the early morning hours of January 16, 2021, Appellant was driving on State Route 422 with Melissa Morrisey in the front passenger seat. After passing another motorist while going significantly faster than the speed limit, Appellant collided into a tree that had fallen on the road only minutes before. A protruding branch struck through the windshield, impaling Ms. Morrisey.

By happenstance, an ambulance was driving in the opposite direction and came upon the accident almost instantly. Two paramedics attempted to render lifesaving aid to Ms. Morrisey, but were ultimately unsuccessful. Police

arrived on scene within several minutes. Appellant was generally aggressive toward responding personnel, keeping his distance from them, and he initially refused to undergo any medical examination or treatment. Officers eventually convinced him to enter the back of an ambulance to be checked for injuries, wherein they detected the odor of alcohol on his breath. They placed Appellant under arrest and transported him to a local hospital. His blood was drawn, revealing a blood alcohol content ("BAC") of .135. It is undisputed that his blood was not drawn until approximately two and one-half hours after the collision.

The Commonwealth charged Appellant with homicide by vehicle while DUI, DUI–high rate of alcohol, DUI–general impairment, and involuntary manslaughter. Appellant waived arraignment on April 6, 2022. Notably, he did not file an omnibus pretrial motion.

In August 2023, the Commonwealth filed a motion *in limine* which, as amended, sought among other things to preclude Appellant from introducing expert testimony concerning the fallen tree. Specifically, the Commonwealth noted that Appellant procured an expert report from Jonathan A. Schach, an operations manager with a local tree and lawn care company and a board-certified arborist. Mr. Schach generally opined that the homeowner of the property on which the tree was located should have removed it due to its poor and hazardous condition. While this motion was still pending, Appellant submitted on October 24, 2023, a motion *in limine* to suppress introduction of

his BAC results, arguing inadmissibility since his blood was not drawn within two hours of being in control of his car, as required by 75 Pa.C.S. § 3802(b).[1]

The trial court held a hearing addressing, *inter alia*, the motions from both the Commonwealth and Appellant. It granted relief to the Commonwealth and precluded any expert testimony from Mr. Schach, finding that it would be irrelevant to the determination of guilt. With regard to Appellant's motion *in limine*, the court treated it as an untimely omnibus pretrial motion to suppress, and denied it without taking testimony.

The matter proceeded to a jury trial, at the end of which Appellant was convicted of all offenses. The trial court sentenced Appellant as indicated hereinabove, finding that the involuntary manslaughter and two DUI convictions merged with homicide by vehicle while DUI.

This timely appeal followed. Both Appellant and the trial court complied with their respective obligations pursuant to Pa.R.A.P. 1925. Appellant

_____

[1] This subsection states:

> **High rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(b). The statute provides for an exception to this two-hour rule if the Commonwealth can (1) show good cause explaining why the test sample could not be obtained within that period and (2) establish that the defendant did not consume alcohol between the time of arrest and the obtaining of the sample. *See* 75 Pa.C.S. § 3802(g).

presents two issues for our review, which we have reordered for ease of disposition:

> A. Whether, where Appellant's blood was drawn more than two hours after his operation of a motor vehicle and he was not in exclusive custody and control of police officers between operation and blood draw, the lower court erred in admitting evidence of [Appellant]'s BAC?
>
> B. Whether the lower court erred by precluding Appellant, the defendant in a prosecution for homicide by motor vehicle while [DUI], from admitting expert testimony regarding the cause of the crash underlying that charge?

Appellant's brief at 4 (some capitalization altered).

Appellant first argues that the trial court erred in denying his motion *in limine*, hence permitting the Commonwealth to introduce evidence of his BAC when his blood was drawn more than two hours after operation of the vehicle in question. **See** Appellant's brief at 10-11. "The standard of review on appeal of a denial of a motion *in limine* is abuse of discretion." **Commonwealth v. Brown**, 200 A.3d 986, 991 (Pa.Super. 2018) (citation omitted). We have stated that "[a]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, or ill-will, as shown by the evidence of record." **Id**. at 990 (citation omitted).

At issue is whether the trial court correctly denied Appellant's motion as an untimely suppression motion. The Pennsylvania Rules of Criminal Procedure require that an omnibus pretrial motion "shall be filed and served

within [thirty] days after arraignment, unless opportunity therefor did not exist, or the defendant . . . was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown." Pa.R.Crim.P. 579(A). Further, "[u]nless otherwise required in the interests of justice, all pretrial requests for relief shall be included in one omnibus motion." Pa.R.Crim.P. 578. The comment states that suppression of evidence is the "[t]ype of relief appropriate for the omnibus pretrial motions[.]" ***Id***., cmt. Nonetheless, it also provides that "[t]he omnibus pretrial motion rule is not intended to limit other types of motions, oral or written, made pretrial or during trial, including those traditionally called motions *in limine*, which may affect the admissibility of evidence or the resolution of other matters. The earliest feasible submissions and rulings on such motions are encouraged." ***Id***., cmt.

We have recognized the difference between these types of motions thusly:

> A motion *in limine* differs from a suppression motion in that a suppression motion is designed to preclude evidence that was obtained in violation of a defendant's constitutional rights, while a motion *in limine* precludes evidence that was constitutionally obtained but which is prejudicial to the moving party.

***Commonwealth v. Reese***, 31 A.3d 708, 715 (Pa.Super. 2011) (citation omitted).

Additionally, Pa.R.Crim.P. 581 governs "suppression of evidence," stating: "The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been

obtained in violation of the defendant's rights." Pa.R.Crim.P. 581(A). Such a motion "shall be contained in the omnibus pretrial motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived." Pa.R.Crim.P. 581(B).

In addressing this issue, the trial court relied upon the rules discussed above, finding as follows:

> [Appellant] did not file a timely omnibus motion to suppress his BAC results. His arraignment was scheduled for April 6, 2022. The Commonwealth notes that [Appellant] was represented by an attorney when [he] waived his arraignment and that discovery, including his BAC results, were provided to his defense counsel at that time. His motion *in limine* was not filed until [sixteen] months later on August 23, 2023. Thus, [Appellant] was aware of the BAC results, did not request an extension of time to file an omnibus pretrial motion, and has provided no explanation as to why the opportunity to file such a motion did not exist prior to August 2023. [**Appellant**] **has also failed to show any circumstances which necessitated his request for suppression to be raised via a motion *in limine* rather than in an omnibus pretrial motion**. Thus, he is deemed to have waived this issue pursuant to Rule 581(B).

Trial Court Opinion, 12/29/23, at 17 (some capitalization altered, emphasis added). The court further proffered that while Appellant's charge for DUI-high rate of alcohol required proof of his blood being drawn within two hours of operating a vehicle, the charge for general impairment DUI did not, and therefore evidence of Appellant's BAC would be relevant even if it was established more than two hours after operation of a vehicle.[2] *Id*. at 18.

_____

[2] For its part, the Commonwealth advocates that the trial court did not err in rejecting Appellant's motion as untimely, since Appellant was represented by
*(Footnote Continued Next Page)*

- 6 -

In his principal brief, Appellant contends that the court incorrectly treated his motion as an untimely suppression challenge instead of a motion *in limine*, baldly asserting, in toto: "The lower court wrongfully found this was a suppression issue, rather than an issue for a motion *in limine*, and denied it as untimely. This was rightly brought as a motion to preclude evidence rather than to suppress evidence." **See** Appellant's brief at 10. Appellant offered no citation to legal authority therein. In his reply brief, he cites a single case, **Commonwealth v. Phillips**, 700 A.2d 1281 (Pa.Super. 1997), for the proposition that "courts have allowed the admission of blood results outside of the two[-]hour window to be challenged via motions *in limine*." Appellant's reply brief at 2.

Upon review, we cannot conclude that the trial court abused its discretion in denying Appellant's motion *in limine* to suppress. To begin, we do not find Appellant's reliance on **Phillips** availing since, although the defendant there challenged the admission of his BAC results via a motion *in limine*, the issue of the motion's timeliness was never raised or otherwise discussed. Critically, there is no indication that the **Phillips** Court endorsed the use of a motion *in limine* as an end run around the failure to file a timely omnibus motion pursuant to Rule 579(A). Accordingly, **Phillips** is not dispositive to the trial court's decision herein.

_____

counsel and had all the information necessary to litigate his motion sixteen months before it was filed. **See** Commonwealth's brief at 12-14.

Instead, notwithstanding whether the trial court properly considered Appellant's motion as untimely or as seeking suppression instead of preclusion, he nevertheless would not be entitled to relief. This Court has iterated that when a defendant faces charges for DUI-general impairment, evidence of the BAC is relevant to the Commonwealth's prosecution, even if drawn more than two hours after operation of a vehicle. ***See Commonwealth v. Benenvisti-Zarom***, 229 A.3d 14, 24 (Pa.Super. 2020) (stating that "evidence of blood tests taken more than two hours after driving is admissible under subsection (a)(1) without resort to [§] 3802(g)"). This is true even if the defendant is also charged with DUI-high rate of alcohol, which **does** require proof of the BAC being ascertained within that period.[3] ***Id***.; ***see also*** 75 Pa.C.S. § 3802(b). Therefore, had the court entertained the motion as timely filed, Appellant could not have succeeded on the merits, regardless of the Commonwealth's ability to prove applicability of the exception to the two-hour blood draw rule. Since the BAC results were admissible, the court did not err in denying the motion *in limine*.

In his remaining issue, Appellant contests the trial court's decision to preclude him from introducing expert testimony that a property owner should

---

[3] Insofar as the trial court may have been tasked with providing a limiting instruction to the jury directing it to consider the BAC results for a limited purpose, such as only for the DUI-general impairment charge, Appellant does not assert trial court error in this regard. We will not make this argument for him. ***See***, ***e.g.***, ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa.Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

have had the tree removed before it fell onto the road. *See* Appellant's brief at 11-13. "Our standard of review in cases involving the admission of expert testimony is broad[.] Generally speaking, the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion." ***Commonwealth v. Watson***, 945 A.2d 174, 176 (Pa.Super. 2008) (cleaned up). Additionally, "[a]n expert's testimony is admissible when it is based on facts of record and will not cause confusion or prejudice." ***Id***. (citation omitted).

The trial court's decision to disqualify this evidence was based on both its lack of relevance and its risk of confusing the jury. Our Rules of Evidence state that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401.

Also at play are the elements of the crime of homicide by vehicle while DUI. The Vehicle Code defines the offense as follows:

> (1) A person who unintentionally causes the death of another person as the result of a violation of [§] 3802 (relating to [DUI] of alcohol or controlled substance) and who is convicted of violating [§] 3802:
>
>> . . . .
>
>> (ii) is guilty of a felony of the first degree if, before sentencing on the present violation, the person has incurred a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition for any of the following:

(A) An offense under [§] 3802.

(B) An offense under former [§] 3731 (relating to driving under influence of alcohol or controlled substance).

(C) An offense which constitutes a felony under this subchapter.

(D) An offense substantially similar to an offense under clause (A), (B) or (C) in another jurisdiction.

(E) Any combination of the offenses under clause (A), (B), (C) or (D).

75 Pa.C.S. § 3735(a).

Appellant argues that the court incorrectly prohibited him from introducing expert testimony that went to causation of death, an element of the crime. *See* Appellant's brief at 11-12. He compares this matter to *Commonwealth v. Uhrinek*, 544 A.2d 947, 950-51 (Pa. 1988), wherein our High Court held that it was error for the trial court to preclude a defendant driver from introducing expert testimony as to a pedestrian victim's BAC, since if believed, it could have led the jury to conclude that the victim was the cause of death by unsafely walking into the roadway. *Id*. at 12. Appellant states that "[h]ere, the condition of the tree, timing of the tree fall, and reason for the tree fall were all material issues beyond the knowledge of an ordinary layperson. All of this goes to causation for the accident." *Id*.

As to this issue, the trial court explained:

> We do not believe evidence of the condition of the tree is relevant to the issue of causation in this criminal action. The jury will certainly understand that the obstruction of the road by the fallen tree was a factor in the occurrence of this incident.

However, the reason for the tree being in the road is irrelevant to what the jury will actually have to determine. The jury will be required to decide whether [Appellant] was in violation of the DUI statute, . . . , and if so, whether [Ms.] Morrisey's death occurred as a result of [Appellant's] violation of that statute by driving under the influence. This will require them to determine whether [Appellant] would have noticed the tree in the roadway had he not been under the influence of alcohol so that he would have been able to stop in time to avoid hitting the tree and the branch which went through the windshield and struck [Ms.] Morrisey in the head.

We believe that injecting evidence of the tree's allegedly hazardous condition into the matter would only be an attempt to assign blame to the homeowner and confuse the jury by deflecting its focus from the question of [Appellant]'s conduct. The admission of such evidence would not disprove that [Appellant]'s conduct was a direct and substantial cause of [Ms.] Morrisey's death.

Trial Court Opinion, 12/29/23, at 8-9.

Again, we find no abuse of discretion on the part of the trial court. It cogently weighed the relevance of the proposed testimony and its potential for causing confusion at trial, finding that those favored preclusion. While Mr. Schach's expert testimony could have suggested civil liability as to the homeowner in question, it could not speak to legal causation for purposes of establishing whether Appellant's intoxication caused Ms. Morrisey's death. Stated another way, even if the jury believed that the tree should have been removed before it fell onto the road, that would not provide a cognizable defense to Appellant in this criminal action. The jury was tasked with acsertaining whether Appellant's actions of driving while impaired, and not merely the existence of an accident itself, caused Ms. Morrisey's death. *See*, *e.g.*, *Commonwealth v. Fabian*, 60 A.3d 146, 152 (Pa.Super. 2013) ("It has

never been the law of this Commonwealth that criminal responsibility must be confined to **a sole or immediate cause of death**. Criminal responsibility is properly assessed against one whose conduct was a direct and substantial factor in producing the death even though other factors combined with that conduct to achieve the result." (cleaned up, emphasis added)).

Based on the above, we have no reason to disturb Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/30/2025